UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-mc-25775

IN RE APPLICATION OF
DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT,

     *Petitioner*,

vs.

ALEKSEI KILIKO,

     *Respondent*.

_____/

**PETITIONER'S CERTIFICATION OF EMERGENCY
PURSUANT TO LOCAL RULE 7.1(d)**

Petitioner's counsel certifies that the *Emergency Petition for Entry of Order Permitting Involuntary Administration of (1) Medical Monitoring and (2), if Deemed Medically Necessary, Intravenous Hydration* presents a true emergency and requires immediate ruling from the Court because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. Counsel understands that an unwarranted certification may lead to sanctions.

Respondent's attending physician, Dr. Manuel E. Lopez Diaz, U.S. Public Health Service, ICE Health Service Corps, Department of Homeland Security, advises that Respondent has been on a hunger strike for 36 days and has missed over 104 meals. He is also not consuming sufficient oral hydration. Worse, Respondent refuses to consent or cooperate in his own medical care and is presently refusing physical examinations, weight checks, and laboratory draws, meaning his medical team is currently without objective data to determine his current state of health deterioration. Lopez Decl., ¶¶ 8-10; 14.

As a result, Respondent's life is now or may very soon be in jeopardy, yet he continues to refuse to consent to medical care, preventing his medical team from obtaining objective data to properly monitor and treat him, and he continues to deprive himself of proper nutrition and hydration. *Id*. at ¶ 20.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   *Zakarij N. Laux*
ASSISTANT U.S. ATTORNEY
Florida Bar No. 93784
United States Attorney's Office
99 N.E. 4th Street, Suite 500
Miami, Florida 33132
(305) 961-9053
Zakarij.Laux@usdoj.gov

*Counsel for Petitioner*