UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-mc-25775

IN RE APPLICATION OF
DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT,

     *Petitioner*,

vs.

ALEKSEI KILIKO,

     *Respondent*.

_____ /

## ORDER

**THIS CAUSE** is before the Court upon *Emergency Petition for Entry of Order Permitting Involuntary Administration of (1) Medical Monitoring and (2), if Deemed Medically Necessary, Intravenous Hydration* [DE 1] (the Petition), filed by Petitioner, the Department of Homeland Security, Immigration and Customs Enforcement's (ICE). The Court has reviewed the Petition and the supporting declaration of Assistant Field Office Director Charles Parra and that of Respondent's treating physician at Krome, Manuel E. Lopez Diaz, M.D.

The Court finds that an emergency condition exists, since the refusal of Respondent to sign a medical consent and to allow routine medical examinations and laboratory testing is preventing Respondent's medical team at Krome from determining Respondent's current state of health and the extent to which his hunger strike has caused potentially life-threatening bodily harm. Further, Respondent's refusal to voluntarily consume adequate nutrition and hydration, in the medical opinion of his treating physician, has already caused significant deterioration to his health and is likely exacerbating the effects of his hunger strike. Accordingly, limited involuntary medical intervention is now required to preserve

Respondent's life.

The Court finds, based on Dr. Lopez Diaz's declaration, that the involuntary administration of routine medical examinations and laboratory tests on Respondent, including physical evaluations, vital sign checks, weight checks, and urine and blood collection, is medically appropriate and necessary to preserve Respondent's life. *See* Lopez Declaration at ¶¶ 15; 22-24; 26. And, because Respondent's current refusal to voluntarily consume sufficient oral hydration is likely exacerbating the effects of his hunger strike, involuntary intravenous hydration may be necessary to prevent further dehydration, malnourishment, organ failure, or loss of life due to his self-imposed hunger strike. *Id*. at ¶ 25.

Finally, the Court finds there is a need to take immediate action on Petitioner's request, pending any challenge by Respondent to Petitioner's commencement of this civil matter.

Accordingly, it is:

**ORDERED AND ADJUDGED** as follows:

1. The Petition is **GRANTED**.

2. ICE is **AUTHORIZED**, through competent medical authority, including medical staff at Larkin Community Hospital, Inc., located in Miami, Florida (Larkin), to involuntarily perform routine medical examinations and laboratory tests on Respondent, including physical evaluations, vital sign checks, weight checks, and urine and blood collection.

3. ICE is further **AUTHORIZED**, through competent medical authority, including medical staff at Larkin to involuntarily administer intravenous hydration to

Respondent. However, ICE is only authorized to involuntarily administer intravenous hydration to Respondent if—in the professional medical judgment of Respondent's treating physician and based on Respondent's laboratory studies and/or physical evaluations— intravenous hydration is determined to be medically necessary to prevent injury, further dehydration, malnourishment, organ failure, or loss of life as a result of Respondent's self-imposed hunger strike.

4.     ICE is further **AUTHORIZED**, through competent medical authority, to include the medical staff at Larkin, to restrain Respondent with medical soft restraints if he resists or asserts that he intends to resist the administration of routine medical examinations, laboratory testing, or intravenous hydration.

5.     This Order shall remain in effect until such time that Respondent's food and water consumption is voluntary, continuous, and sufficient as determined by the medical staff at ICE or Larkin, in their clinical judgment and in consideration of objective data including but not limited to Respondent's laboratory results and weight gain.

**DONE AND ORDERED** in Miami, Florida, this ___ day of December, 2025.

_____
UNITED STATES DISTRICT JUDGE