UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-mc-25775-PCH

IN RE APPLICATION OF
DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT,

    *Petitioner*,

vs.

ALEKSEI KILKO,

    *Respondent*.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon Petitioner, the Department of Homeland Security, Immigration and Customs Enforcement's (ICE) Emergency Petition for Entry of Order Permitting Involuntary Administration of (1) Medical Monitoring and (2), if Deemed Medically Necessary, Intravenous Hydration (ECF No. 1) (the "Petition"), filed on December 10, 2025.[1]

The Court has thoroughly reviewed the record in this matter, which includes the Declaration of Charles Parra, Assistant Field Office Director for the Krome Service Processing Center in Miami, Florida ("Krome"), (ECF No. 1-1); the Declaration of Dr. Manuel E. Lopez Diaz, an Emergency Medicine Physician serving as the Staff Physician at Krome, (ECF No. 1-2); and Petitioner's Memorandum of Law, (ECF No. 1-3).

The Court finds that an emergency condition exists because the refusal of Respondent Aleksei Kilko to voluntarily obtain adequate nutrition and hydration, or consent to any medical

---

[1] This matter is before the undersigned on an Order of Referral entered by the Honorable Paul C. Huck, United States District Judge, referring Petitioner's request for authorization to perform involuntary examinations and laboratory tests on Respondent for disposition. (ECF No. 3).

1

assessment evaluation, has caused a significant risk of harm to his physical condition. The Court further finds, based on Dr. Lopez's Declaration, that certain involuntary medical testing—namely, blood draw and urinalysis as described in Dr. Lopez's Declaration and daily weigh-ins with vital signs—to monitor and manage Respondent's hunger strike is medically necessary to accurately assess the state of Respondent's health and make determinations as to whether immediate medical intervention is necessary to preserve the life of Respondent.

Finally, the Court finds that there is a need to take immediate action pending any challenge by Respondent to ICE's institution of this suit.

Accordingly, it is **ORDERED AND ADJUDGED** that ICE's Petition is **GRANTED**, as further provided in this Order.

First, ICE is authorized, through competent medical authority, including Larkin Community Hospital and any of its staff physicians, to perform involuntary medical testing including urinalysis, blood draw and daily weigh-ins with vital signs on Respondent to monitor and manage his hunger strike.

Second, ICE is authorized, through competent medical authority, including Larkin Community Hospital and any of its staff physicians, to use medical soft restraints on Respondent if he attempts to or asserts that he intends to resist involuntary medical testing including urinalysis, blood draw and daily weigh-ins with vital signs.

Third, the Court orders ICE to immediately serve Respondent's counsel in the underlying immigration proceedings with a copy of this Order and file a Notice of Compliance certifying same within 3 days of the date of this Order.

Fourth, in accordance with the District Court's Order of Reference, the Court orders ICE to file a Status Report by **2:00 P.M. on Friday, December 12, 2025**, advising the Court on whether

the results of Respondent's medical testing administered in accordance with this Order indicates that involuntary administration of hydration is medically necessary.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of December, 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE