UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-mc-25775-PCH

IN RE APPLICATION OF
DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT,

Petitioner

v.

Aleksei KILKO,
Axxx-xxx-714

Respondent                                                    /

## DECLARATION OF MANUEL E LOPEZ DIAZ, M.D.

I, Manuel E Lopez Diaz, make the following statements under oath and subject to the penalty of perjury pursuant to the provision of 28 U.S.C. § 1746.

1.      I am a licensed, Board-Certified Emergency Medicine physician assigned to the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), ICE Health Service Corps (IHSC) as the Staff Physician at the Krome Service Processing Center (Krome). I have held this position since March 26, 2023. I have 30 years of experience as an emergency medicine physician working for critical access hospitals to Level I trauma centers.

2.      As the  Staff Physician at Krome, my duties include providing medical care for detainees at the facility. This declaration is made in support of the Petition filed by DHS/ICE  to perform  involuntary physical examinations, periodic laboratory tests (blood and urine), daily vital signs with weight, and, if required, intravenous hydration  for Mr.  Aleksei KILKO ("Mr. Kilko" or "the patient"), who is detained at Krome. I am the treating physician of Mr. Kilko, and I make this declaration upon  a  review  of  his  medical  record  and  my  examination  and treatment of

1

him.

3.      ICE is committed to ensuring that every person detained in its custody receives timely access to necessary and appropriate medical, dental, and mental health care and treatment while in custody.  The health, safety, and welfare of those detained in its custody are among the agency's highest priorities, and IHSC has protocols in place to ensure that any patient on a hunger strike within its detention facilities is promptly and appropriately addressed and treated.

4.      The patient is a native of Russia.  He arrived at Krome on December 7, 2025, after transfer from Georgia, for continuity of care due to his ongoing hunger strike.

5.      The purpose of this Declaration is to advise the Court of events occurring after the filing of the "Emergency Petition for Entry of Order Permitting Involuntary Administration of (1) Medical Monitoring and (2), if Deemed Medically Necessary, Intravenous Hydration" (ECF No. 1) ("Petition").

6.      On December 11, 2025, I spoke with Mr. Kilko with the assistance of a Russian interpreter and asked him if he intended to cooperate voluntarily by submitting to a physical examination, allowing the collection of laboratory samples and having his weight taken. I advised him that the alternative was to enforce this Court's Order granting the Petition in part.

7.      Mr. Kilko stated to me that he wanted to speak with his attorney and wanted to cooperate voluntarily.

8.      Following consultation with IHSC Clinical Director Luis Ortega, we determined that Mr. Kilko should be allowed to speak to his attorney in lieu of obtaining the examination, weight, and laboratory samples via enforcement of this court's order. We determined that it was medically appropriate to wait in order to allow him to consent without having to resort to force.

9.      ICE's Enforcement and Removal Operations (ERO) facilitated a phone call between

Mr. Kilko and his attorney on or about 6:00PM on December 11, 2025.

10.    As of December 12, 2025, Mr. Kilko remains in custody at Krome and under medical observation.

11.    Today, after speaking with IHSC staff, Mr. Kilko voluntarily consented to medical testing, including a physical examination, and the taking of vital signs, weight, and blood. He agreed to provide a urine sample later.

12.    Mr. Kilko's last known weight before starting a hunger strike was 175 pounds. On December 12, 2025, his weight was recorded at 150.2 pounds, reflecting a loss of 25.8 pounds and 14.71 percent weight loss.

13.    IHSC did not need to enforce the court order, as the Patient cooperated voluntarily with the above medical testing.

14.    I do not know if forced hydration or forced nutrition by way of IV are medically necessary at this time, as I do not have any objective data as to Mr. Kilko's condition. I will know more in this regard upon receiving the results of the examinations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _12_ day of December, 2025.

Manuel E. Lopez Diaz, M.D.
Staff Physician